BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
RACHEL J. FELDMAN (SBN 246394)
rfeldman@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

Attorneys for Defendant
GERBER PRODUCTS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GYORKE-TAKATRI and KATIE SILVER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | Case No.: 3:19-cv-01712<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d)(2), 1441(a), 1453(b) (CLASS ACTION FAIRNESS ACT OF 2005)** |

Defendant Gerber Products Company ("Gerber"), pursuant to 28 U.S.C. § 1441, removes to this Court the state court action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 ("Notice of Removal"). In compliance with 28 U.S.C. § 1446(a), true copies of process, pleadings, and orders served or filed in this action are attached as Exhibits 1 through 55 to the Appendix of Process, Pleadings, and Orders ("Appendix"), submitted herewith for the Court's ease of reference. Pursuant to 28 U.S.C. § 1446(d), Gerber is serving copies of this Notice of Removal on counsel for plaintiffs Michelle Gyorke-Takatri and Katie Silver (together, "Plaintiffs") and filing it with the Clerk of the San Francisco County Superior Court as an exhibit to the Notice to State Court of Removal to Federal Court ("Notice to State Court"). A copy of the Notice to State Court is attached as Exhibit 55 to the Appendix.

**PROCEDURAL HISTORY**

1. On July 14, 2015, Plaintiffs filed a class action complaint ("Complaint") against defendants Nestlé USA, Inc. ("NUSA") and Gerber in the Superior Court for the State of California for the County of San Francisco, Case No. CGC 15-546850 ("State Court Action"). *See* Appendix, Ex. 1. The Complaint alleges the depiction of a fruit or vegetable on the front label of Puffs Products deceived Plaintiffs into believing Puffs Products were "fruit-or-vegetable-packed" snacks. *See id.*, ¶¶ 2, 25-26. The Complaint seeks "[a]n award of restitution, including disgorgement pursuant to California Business & Profession[s] Code §§ 17203, 17535"; "monetary damages, including, but not limited to any compensatory, incidental, or consequential damages"; and punitive damages. *See id.* at 22:7-16.

2. Plaintiffs served Gerber with the Complaint and state court summons on July 17, 2015. *See* Appendix, Ex. 3.

3. On July 31, 2015, Plaintiffs filed proofs of service of summons on NUSA and Gerber. *See* Appendix, Ex. 4.

4. On August 10, 2015, the Clerk of the San Francisco County Superior Court entered the dismissal of NUSA. *See* Appendix, Exs. 5, 16, 22.

5. The San Francisco County Superior Court is located within the Northern District

-1-

of California. 28 U.S.C. § 84(a). Accordingly, this Notice of Removal is properly filed in this Court. *See* 28 U.S.C. § 1441(a).

## **IT IS CONGRESS'S STRONG PREFERENCE THAT**
## **INTERSTATE CLASS ACTIONS BE HEARD IN FEDERAL COURT**

6. "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Ordinarily, it is "presumed that a cause lies outside the limited jurisdiction of the federal courts," *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006), and the Ninth Circuit "strictly construe[s] the removal statute against . . . jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

7. As the Supreme Court recently explained, however, the rule is different in CAFA cases: "no antiremoval presumption attends cases invoking CAFA" because "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v.Knowles*, 133 S. Ct. 1345, 1350 (2013) (stating "CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance'") and S. Rep. No. 109-14, at 43 (2005) (providing CAFA is "intended to expand substantially federal court jurisdiction over class actions" and "[i]ts provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant"). The Ninth Circuit has reinforced this principle, citing Congress's "overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015) (quoting S. Rep. No. 109-14, at 35).

## **SUBSTANTIVE GROUNDS FOR REMOVAL**

28. This action is within the original jurisdiction of this Court and removal is proper under CAFA, which grants district courts original jurisdiction over class actions in which the number of putative class members exceeds 100, the amount in controversy exceeds $5,000,000, and any member of the class of plaintiffs is a citizen of a state different from any defendant. 28

U.S.C. § 1332(d). As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

29. <u>This is a Covered Class Action</u>. According to the Complaint, "Plaintiffs bring this action as a statewide class action pursuant to section 382 of the California Code of Civil Procedure." *See* Appendix, Ex. 1, ¶ 40. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); *accord* 28 U.S.C. §§ 1453(a), (b).

30. <u>Minimal Diversity Exists</u>. The Complaint alleges Plaintiffs were residents of California at the time they commenced this action. *See* Appendix, Ex. 1, ¶¶ 8, 9; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (an individual's "place of residence is *prima facie* the domicile"). The only remaining defendant in this action, Gerber, is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Michigan, with its principal place of business in Florham Park, New Jersey. *See* Appendix, Ex. 1, ¶ 15. Thus, the minimal diversity requirement of CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

31. <u>The Amount in Controversy Exceeds $5,000,000</u>. The Complaint asserts claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), and Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), and seeks damages, restitution, injunctive relief, and punitive damages. *See* Appendix, Ex. 1, at 22. Gerber disputes Plaintiffs' allegations and denies Plaintiffs or the putative class have sustained damages. Without conceding the merit of the damages allegations or causes of action, the amount in controversy here satisfies CAFA's jurisdictional threshold. Plaintiffs agree the amount in controversy exceeds $5,000,000.

32. The UCL, FAL, and CLRA authorize courts to award restitution as "may be necessary to restore to any person in interest any money or property . . . which may have been acquired by means of [an] . . . unfair or deceptive act." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 696 (2006) (quoting Cal. Bus. & Prof. Code §§ 17203, 17535); *see also*

1    *id.* at 694 n.22 (standard for awarding restitution is the same under UCL, FAL, and CLRA).

2    Since January 1, 2011, retailers have paid Gerber more than $5 million for products sold in

3    California stores.

4             a.      The Complaint also seeks punitive damages. *See* Appendix, Ex. 1, at 22.

5    The CLRA allows Plaintiffs to recover punitive damages. Cal. Civ. Code § 1780(a)(4). Punitive

6    damages are considered part of the amount in controversy. *See Sanchez v. Wal-Mart Stores, Inc.*,

7    No. S-06-CV-2573-DFL-KJM, 2007 U.S. Dist. LEXIS 33746, at *5-6, 2007 WL 1345706 (E.D.

8    Cal. May 8, 2007) (including punitive damages in the amount in controversy under CAFA);

9    *Alexander v. FedEx Ground Package Sys., Inc.*, No. C-05-0038-MHP, 2005 U.S. Dist. LEXIS

10   5129, at *15, 2005 WL 701601, at 2 (N.D. Cal. Mar. 25, 2005) (same). Although Plaintiffs may

11   not recover damages, compensatory or punitive, the Court should consider allegations of punitive

12   damages in determining whether the amount in controversy is satisfied.

13            b.      The Complaint also seeks attorney fees. *See* Appendix, Ex. 1, p. 22.

14   Attorney fees may be included in the amount in controversy for jurisdictional purposes.

15   *Lowdermilk v. U.S. Bank, N.A.*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds*

16   *by Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015). Attorney fees "can exceed six

17   figures in a class action and are properly aggregated and considered for purposes of determining

18   the amount in controversy under CAFA." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir.

19   2007). Ninth Circuit authority supports a 25% benchmark for attorney fees in class actions. *See,*

20   *e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of

21   the common fund as a benchmark award for attorney fees."); *see also Bayol v. Zipcar, Inc.*, No.

22   14-cv-02483-TEH, 2015 U.S. Dist. LEXIS 109027, at *25-26, 2015 WL 4931756, at *9-10 (N.D.

23   Cal. Aug. 18, 2015) (relying on the 25% benchmark amount to estimate attorney fees as part of

24   the amount in controversy analysis in a case asserting a CLRA claim).

25         33.     <u>There Are More than 100 Putative Class Members</u>. Plaintiffs seek to represent all

26   persons who, while in the State of California, purchased Gerber Graduates Puffs during the Class

27   Period. According to the Complaint, "[c]lass members are so numerous that joinder of all

28   members of the [c]lass is impracticable." *See* Appendix, Ex. 1, ¶ 41. While Gerber does not sell

-4-

1 directly to consumers and does not have data regarding the identities of consumers who
2 purchased Puffs Products in California since January 1, 2011, Gerber sold many multiples in
3 excess of $5,000,000 of Puffs Products to retailers in California since January 1, 2011. Based on
4 the foregoing, it is apparent Plaintiffs' proposed class includes in excess of 100 members.

34. <u>No Joinder Is Necessary</u>. Gerber is the only defendant in this action. In any event, CAFA provides a class action may be removed by any defendant without the consent of any other defendant. 28 U.S.C. § 1453(b); *United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (section 1453(b) "overrides the judge-created requirement that each defendant consent to removal") (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).

35. The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply to this case.

Dated: April 2, 2019                    WHITE & CASE LLP

                                         By:  */s/ Bryan A. Merryman*
                                              Bryan A. Merryman

                                         Attorneys for Defendant
                                         GERBER PRODUCTS COMPANY